IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00112-CR

 

Bruce Killough,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 186th District Court

Bexar County, Texas

Trial Court No. 2005-CR-0904

 



ABATEMENT ORDER










 

          Appellant filed a motion to abate the
appeal because a part of the trial is missing from the reporter’s record.  The
part missing is a transcription of portions of a witness’s statement recorded
on a DVD which was played to the jury for impeachment purposes but not
introduced into evidence.  Appellant contends it is the court reporter’s duty
to transcribe proceedings fully and accurately, including recordings played in
open court, citing the 1999 version of the Uniform Format Manual for Texas
Court Reporters.  The court reporter responded that the Manual has been amended
and now no longer requires a contemporaneous transcription of audio/video
exhibits played in open court “unless the Court so orders.”  Uniform Format
Manual for Texas Court Reporters, § 16.16 (amended 2003); but see Tex. R. App. P. 13.1(a) (The official
court reporter must, unless excused by agreement of the parties, make a full
record of the proceedings.)

          Obviously, there is a dispute as to
the accuracy or completeness of the reporter’s record.  We grant Appellant’s
motion to the extent that we abate this appeal and submit this dispute to the
trial court to be resolved.  See Tex.
R. App. P. 34.6(e)(3) and (e)(2).  If the court reporter does not
possess a transcription of the portions of the DVD played to the jury, or is
unable to determine from the reporter’s notes what portions of the DVD were
played to the jury, the trial court may require the State and Appellant to make
an attempt to agree as to what portions of the DVD were played to the jury and
provide the court reporter with those portions so that she may transcribe those
portions for a supplemental record to be filed with this Court.  See Tex. R. App. P. 34.6(e)(1); Routier
v. State, 112 S.W.3d 554, 565 (Tex. Crim. App. 2003).  If the State and
Appellant cannot agree on whether or how to correct the reporter’s record so
that it accurately discloses what occurred in the trial court, the trial court
must, after notice and hearing, settle the dispute pursuant to the procedure
specified in the Rules.  Tex. R. App. P.
34.6(e)(2).  See generally In the Matter of the Estate of Arrendell,
No. 06-05-00022-CV, 2006 Tex. App. LEXIS 10816, *10-20 (Tex. App.—Texarkana,
Dec. 21, 2006, no pet. h.).

          This appeal is abated.  Any hearing by
the trial court must be held within 30 days from the date of this order.  A
supplemental or complete new reporter’s record must be filed within 45 days
from the date of this order.

 

                                                                   PER
CURIAM

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
abated

Order
issued and filed January 10, 2007

Publish